IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


BARRY EUGENE MILLER,

                  Plaintiff,

          v.                         CASE NO.  07-3168-SAC

PRISON HEALTH SERVICES,
et al.,

                  Defendants.

### O R D E R

This civil rights complaint, 42 U.S.C. 1983, was filed by an
inmate of the Johnson County Adult Detention Center (JCADC), Olathe,
Kansas.  Named as defendants are the Prison Health Services (PHS) at
the JCADC, Dr. John Gamble, PHS Nurse Supervisor Valerie (LNU) at
JCADC, and PHS Nurse Supervisor Cindy (LNU) at Gardner.

As the factual background for this case, plaintiff alleges that
upon his arrival at the Johnson County jail in Gardner on February
21, 2007, he gave "the nurse" his prescription for Indocin, which
his "bone doctor at Truman Hospital" had written for him and he had
been taking "for several days."  He alleges his doctor had
instructed him to stay on the medicine for a "month straight" to
prevent calcium from building up in his arm, he told the nurse about
these instructions, and she copied his prescription.  However, the
next day he was  moved to the JCADC and was not given Indocin for a
week.  He alleges a calcium deposit formed in his elbow area as a
result, which can only be removed by surgery.  He further alleges he
is in constant pain, has lost over 90% of movement in his arm, and
may never again have "full usage" of his arm.

Generally, Mr. Miller asserts he has been denied adequate

medical treatment in violation of the Eighth Amendment.  He claims defendants "refused to provide prescribed medicine," and serious injury resulted from the delay.  He also alleges that once he was given Indocin, he was left on it for over two months, which was "not good" for him; and he was given a Tylenol product for several days which was "very dangerous" because he has "hep C."  He further claims that Dr. Gamble told him he would need surgery, but would not get it while at JCADC, and that other defendants have denied his medical condition exists or stated it was pre-existing.

Plaintiff seeks "a new left arm" and one million dollars.

## MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF FEES

Mr. Miller has filed a Motion for Leave to Proceed in forma pauperis and has submitted financial records showing that during the last four months he has generally had a negative balance.  Where insufficient funds exist to pay the full fee, the court is directed to collect an initial partial filing fee in the amount of 20 percent of the greater of the average monthly deposits to the inmate's account or the average monthly balance for the preceding six months. 28 U.S.C. 1915(b)(1)(A) and (B).  However, where an inmate has no means by which to pay an initial partial filing fee, the prisoner shall not be prohibited from bringing a civil action.  1915(b)(4).

Having considered the plaintiff's financial records, the court finds no initial partial filing fee may be imposed at this time due to plaintiff's limited resources, and grants plaintiff leave to proceed in forma pauperis.  Plaintiff remains obligated to pay the $350.00 district court filing fee in this civil action, through

payments from his inmate trust fund account as authorized by 28 U.S.C. 1915(b)(2)[1].

**MARTINEZ ORDER**

The court finds that proper processing of plaintiff's claims cannot be achieved without additional information from appropriate officials of the Johnson County Adult Detention Center.  See Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978); see also Hall v. Bellmon, 935 F.2d 1106 (10th Cir. 1991).

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Leave to Proceed in forma pauperis is granted (Doc. 2).

**IT IS FURTHER ORDERED:**

(1) The clerk of the court shall prepare waiver of service forms pursuant to Rule 4(d) of the Federal Rules of Procedure, to be served by a United States Marshal or a Deputy Marshal at no cost to plaintiff absent a finding by the court that plaintiff is able to pay such costs.  The report required herein, shall be filed no later than sixty (60) days from the date of this order, and the answer shall be filed within twenty (20) days following the receipt of that report by counsel for defendant.

(2) Officials responsible for the operation of the Johnson County Adult Detention Facility are directed to undertake a review

---

[1]

 Being granted leave to proceed in forma pauperis entitles Mr. Miller to pay the filing fee over time through payments from his inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2). Pursuant to §1915(b)(2), the Finance Office of the facility where plaintiff is confined is directed by copy of this Order to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full.  Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

of the subject matter of the complaint:

(a) to ascertain the facts and circumstances;

(b) to consider whether any action can and should be taken by the institution to resolve the subject matter of the complaint;

(c) to determine whether other like complaints, whether pending in this court or elsewhere, are related to this complaint and should be considered together.

(3) Upon completion of the review, a written report shall be compiled which shall be attached to and filed with the defendant's answer or response to the complaint.  Statements of all witnesses shall be in affidavit form.  Copies of pertinent rules, regulations, official documents and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any tapes of the incident underlying plaintiff's claims shall also be included.

(4) Authorization is granted to officials of Johnson County to interview all witnesses having knowledge of the facts, including the plaintiff.

(5) No answer or motion addressed to the complaint shall be filed until the <u>Martinez</u> report requested herein has been prepared.

(6) Discovery by plaintiff shall not commence until plaintiff has received and reviewed defendants' answer or response to the complaint and the report required herein.  This action is exempted from the requirements imposed under F.R.C.P. 26(a) and 26(f).

Copies of this Order shall be transmitted to plaintiff, to defendants, and to the Finance Office of the facility where plaintiff is currently incarcerated.

**IT IS FURTHER ORDERED** that the screening process under 28 U.S.C. 1915A having been completed, this matter is returned to the clerk of the court for random reassignment pursuant D. Kan. Rule 40.1.

**IT IS SO ORDERED**.

Dated this 13th day of July, 2007, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge